IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS SHAW,

     Petitioner,                    No. 2:12-cv-1626 GGH P

    vs.

S.L. HUBBARD,                         ORDER

     Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This case is before the undersigned pursuant to petitioner's consent. Doc. 4.  A makeshift weapon was found in the kitchen where petitioner and others were working.  Prison officials believed petitioner was involved, but did not file a Rule Violation Report against petitioner and petitioner lost no credits as a result of the incident.  However, the Unit Classification Committee removed petitioner from the prison job.  The instant habeas petition states that there was insufficient evidence for petitioner to be removed from his job.

        Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat.1979, as amended, 42 U.S.C. § 1983.  Muhammad v. Close, 540

1

1  U.S. 749, 750, 124 S.Ct. 1303, 1304–1305 (2004) (per curiam).  Challenges to the validity of any
2  confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v.
3  Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, (1973); requests for relief turning on circumstances
4  of confinement may be presented in a § 1983 action.  Muhammad v. Close, 540 U.S. at 750.

In the instant case, petitioner was never in custody or confined related to the makeshift weapon, nor did it affect the duration of his sentence, therefore petitioner cannot proceed with this habeas petition.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. This petition is dismissed;

3. A certificate of appealability shall not issue in this action.

DATED: July 16, 2012

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
shaw1626.dis

---

[1] Nor will the undersigned reclassify this case as one brought pursuant to 42 U.S.C. § 1983 as prisoners do not have a right to a job or program opportunities in prison.  Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997).